NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30504
13-JAN-2012
08:16 AM**

NO. 30504


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JESSICA SIMPKINS aka JESSICA GOODRICH,
Plaintiff-Appellant,
v.
AOAO LAKEVIEW; BOARD OF DIRECTORS OF AOAO LAKEVIEW;
HAWAIIANA MANAGEMENT COMPANY, LTD., a Hawaii corporation,
Defendants-Appellees,
and
JOHN DOES 1-10, DOE CORPORATIONS 1-10, and
OTHER DOE DEFENDANTS, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-1251)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Leonard and Reifurth, JJ.)


Plaintiff-Appellant Jessica Simpkins aka Jessica Goodrich (Simpkins) appeals from the Final Judgment (Judgment) filed on August 11, 2010 in the Circuit Court of the First Circuit (circuit court).[1] The circuit court entered judgment in favor of Defendants-Appellees AOAO Lakeview (AOAO), Board of Directors of AOAO Lakeview (Board), and Hawaiiana Management

---

[1] The Honorable R. Mark Browning presided.

Company, Ltd. (collectively, Defendants) and against Simpkins on all claims[2] pursuant to the court's "Order Granting [Defendants'] Motion for Summary Judgment"[3] (Summary Judgment Order) filed on April 20, 2010 and "Order Regarding [Defendants'] Motion for Attorneys' Fees and Costs"[4] (Attorneys' Fees and Costs Order) filed on June 22, 2010.

On appeal, Simpkins contends the circuit court erred when it (1) entered its Summary Judgment Order without giving due consideration to the facts and (2) awarded Defendants their attorneys' fees and costs when Simpkins followed the requirements of the AOAO by-laws for resolving disputes, but the Board refused to comply with the AOAO by-laws.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Simpkins' points of error as follows:

(1) Reviewing the circuit court's award of summary judgment de novo, Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005), we hold that the circuit court did not err in finding that there were no genuine issues of material fact to be determined at trial.

---

[2] In the order portion of the Judgment, the circuit court ordered a money judgment in favor of Defendants and against Simpkins, but failed to set forth that it was entering final judgment pursuant to the April 20, 2010 Summary Judgment Order. Viewed as a whole, the Judgment appears to enter judgment in favor of Defendants and against Simpkins as to all three counts in Simpkins' complaint. Therefore, the Judgment substantially complies with the requirements for an appealable judgment under Hawai'i Rules of Civil Procedure Rule 58 and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

[3] The Honorable Karl K. Sakamoto presided.

[4] The Honorable R. Mark Browning presided.

2

Defendants met their burden of production, French v. Hawaii Pizza Hut, Inc., 105 Hawai'i 462, 470, 99 P.3d 1046, 1054 (2004), when they showed that the Board's decision to monitor Building 10's shifting foundation problem was reasonable and made in good faith, citing to the previous actions of the Board, including installation of helical piers and anchors to reinforce the foundation, the engineering assessments and reviews, and the on-going monitoring of shifts in the foundation. McNamee v. Bishop Trust Co., 62 Haw. 397, 409, 616 P.2d 205, 213 (1980).

After Defendants met their burden of production, Simpkins, as the opposing party, had the burden to show specific facts that raised a genuine issue of material fact as to whether Defendants' decision to take no action was unreasonable and/or made in bad faith. Village Park Cmty. Ass'n v. Nishimura, 108 Hawai'i 487, 501, 122 P.3d 267, 281 (App. 2005). Simpkins offered no evidence to show that Defendants' decision to take no immediate action was unreasonable or made in bad faith. Because Defendants met their burden of production and Simpkins failed to show specific facts that raised a genuine issue of material fact as to unreasonableness or bad faith, the circuit court properly granted Defendants' Motion for Summary Judgment.

(2) Simpkins failed to argue why the circuit court's award of attorneys' fees and costs to Defendants should not have been granted; therefore, we deem this point waived. Hawai'i Rules of Appellate Procedure Rule 28(b)(7) ("Points not argued may be deemed waived."); Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawai'i 438, 478, 164 P.3d 696, 736 (2007) (holding that "an appellate court is not obliged to address matters for which the appellant has failed to present discernible arguments").

Therefore,

3

IT IS HEREBY ORDERED that the Final Judgment filed on August 11, 2010 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, January 13, 2012.

On the briefs:

Thomas J. Bowers III
for Plaintiff-Appellant.

Kevin P.H. Sumida
Anthony L. Wong
(Kevin Sumida & Associates)
for Defendants-Appellees.

Presiding Judge

Associate Judge

Associate Judge